**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MONICA A. MURPHY, | No. 09-35766 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01355-RSM |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted January 4, 2011[**]
San Francisco, California

Before: HUG, BEEZER, and HALL, Circuit Judges.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      Judge Cynthia Hall concurred in this memorandum disposition prior to her death. Filing was delayed due to clerical error. We have determined that the appointment of a replacement judge is unnecessary.

Monica Murphy appeals pro se the district court's decision affirming the Social Security Commissioner's denial of Murphy's application for supplemental security income. Murphy alleges disability due to back pain. The administrative law judge ("ALJ") held that Murphy was not disabled because she was able to perform her past work as a cashier. Murphy argues that the district court ignored her objections and improperly weighed medical evidence.[***] We affirm.

First, the ALJ found that Murphy's "statements concerning the intensity, duration and limiting effects of [her] symptoms are not entirely credible." Such an adverse credibility finding must be supported by substantial evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ's adverse credibility finding in this case is adequately supported by several pieces of evidence, including Murphy's giving much inconsistent information to her doctors regarding her prior medical diagnoses and the origin of her back pain, and Murphy's apparent effort to doctor-shop until she received a diagnosis that she was seriously injured and disabled. Because the ALJ's reasons for discounting Murphy's testimony are clear, convincing, and supported by substantial evidence, we do not disturb the ALJ's adverse credibility finding. *See id.* at 1039–40.

---

[***]Because Murphy appeals pro se, we read her arguments liberally. *See McCabe v. Arave*, 827 F.2d 634, 640 n.6 (9th Cir. 1987) ("[C]ourts are to make reasonable allowances for pro se litigants and to read pro se papers liberally.").

Second, Murphy argues that her objections below were ignored and that her medical evidence was improperly evaluated, but these allegations are without merit. There is no indication in the record that either the ALJ or the district court ignored any of Murphy's objections. Moreover, both courts carefully and thoroughly examined Murphy's abundance of medical evidence, which included several reports from her many doctors. Indeed, Murphy fails to specify which pieces of evidence were allegedly ignored or improperly evaluated. Thus, Murphy's arguments about ignored objections and evidence are unpersuasive.

Because the ALJ's finding that Murphy was not disabled is supported by substantial evidence and contains no legal error, it should not be disturbed. *See id.* at 1038.

**AFFIRMED**.